WATSON–CHRISTENSEN LUMBER CO. et al. v. MAUND. (No. 297.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 20, 1917.)

PRINCIPAL AND SURETY ⬤⟲115(2)—RELEASE OF SURETIES.

Where plaintiff contracted to sell lumber with sight draft attached, but sued for a balance due, showing waiver of the sight draft clause, the purchaser's sureties on the contract were not liable.

Appeal from District Court, Sabine County; W. R. Blackshear, Judge.

Action by H. M. Maund against the Watson-Christensen Lumber Company and others. Judgment for plaintiff, and defendants appeal. Affirmed as to the company, and reversed and rendered as to the individual defendants.

Hamilton & Hamilton, of Hemphill, and E. E. Easterling, of Beaumont, for appellants. J. W. Minton and E. P. Padgett, both of Hemphill, for appellee.

KING, J. Appellee brought this suit against the Watson-Christensen Lumber Company upon a contract and against John B. Christensen and Homer R. Mitchell as sureties on a bond guaranteeing the performance of the contract by the lumber company. A trial before the court resulted in a judgment for $621.16, the balance due for certain lumber sold by appellee to appellant lumber company, and against the sureties on the lumber company's bond.

The contract between the parties had reference to the size, dimensions, time of delivery, and method of delivery. A decision of the case hinges upon the consideration of paragraph 2 of the contract, which is as follows:

"The consideration to be paid to party of the first part by party of the second part for the

above-described lumber at the agreed price of thirteen and 75/100 ($13.75) dollars per thousand feet delivered on board the cars at Bronson, Tex., but should the freight rate be the same from Hemphill, otherwise on board the cars at Hemphill, Tex., otherwise the party of the first part is to pay whatever difference in the freight charges, if any, between Hemphill, Tex., and Bronson, Tex., or in other words, the said lumber is to be f. o. b. Bronson, Tex., to the party of the second part, bill of laden and sight draft attached in favor of H. M. Maund."

The bond executed by the lumber company sets out the contract, the condition of the bond being as follows:

"The condition of the above obligation is such that if the above-bounden Watson-Christensen Lumber Company, its successors and assigns shall well and truly perform and carry out the terms of the above-mentioned contract, in accordance with the terms thereof, this obligation shall be void; otherwise to remain in full force and effect."

By reading of paragraph 2, it is seen that sale of the lumber under the contract was for cash, as it was to be shipped with sight draft attached to the bill of lading, and could not have been delivered to the lumber company unless it first paid the draft attached to the bill of lading. Therefore, had this paragraph of the contract been complied with, no balance would have been due to appellee. It therefore follows that appellee either did not ship all the lumber f. o. b. Bronson, with sight draft attached, or else he waived this provision, and permitted the lumber company to obtain the lumber without first paying therefor, and appellee, having waived this paragraph in the contract, cannot hold the sureties upon the bond for delinquencies upon the part of the lumber company with reference thereto. Persons are bound only to the extent that they bind themselves.

All other provisions of the contract have been complied with, and the liability alleged against the sureties having arisen solely through appellee's failure to insist upon a compliance with section 2 of the contract, appellee cannot hold the sureties liable for the balance due on lumber so shipped not in accordance with section 2 of the contract.

The judgment is affirmed as to the Watson-Christensen Lumber Company, and reversed and rendered as to the sureties, John B. Christensen and Homer R. Mitchell.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes